IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BRANDON ROLF PETERS,** : | |
| : | |
| Petitioner, : | |
| : | NO. 5:25-CV-00321-MTT-CHW |
| VS. : | |
| : | |
| **STATE OF GEORGIA,** : | |
| : | |
| Respondent. : | |
| : | |

## ORDER AND RECOMMENDATION

*Pro se* Petitioner Brandon Rolf Peters, a prisoner in the Georgia Diagnostics and Classifications Prison in Jackson, Georgia, filed a "notice of appeal" in which he seeks to appeal his "adjudication of guilt after a plea on the charges of aggravated stalking, and the sentence rendered on June 6, 2025" (ECF No. 1, 4) in the Superior Court of Jasper County (ECF No. 2 at 2). The notice of appeal has been docketed as a 28 U.S.C. § 2254 petition. Petitioner has also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) and a request to appoint counsel (ECF No. 4). Petitioner's motion to proceed *in forma pauperis* is **GRANTED** for purposes of this recommendation of dismissal. Petitioner's request for appointed counsel (ECF No. 4) is **DENIED**.[1]

---

[1] No constitutional right to counsel exists in federal habeas proceedings. *See McGriff v. Dep't of Corrs*, 338 F.3d 1231, 1234 (11th Cir. 2003). Rather, the Court may appoint counsel for any financially eligible person seeking relief under § 2241, § 2254, or § 2255 of Title 28 if the "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Petitioner has not demonstrated that the interests of justice require the appointment of counsel and moreover, this civil action is subject to dismissal as explained below.

Petitioner refers to this court as "the Middle district Court of Appeals". ECF No. 1 at 1. However, this Court is not a Court of Appeals but is instead a United States District Court. Petitioner should be aware that "[t]he district courts of the United States… are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). Considering direct appeals of state court convictions is not within the jurisdiction of the district court. To directly appeal his conviction, Petitioner must timely pursue his motions, petitions, or appeals in the state courts.

Petitioner is further advised that it is only after he has exhausted his available state remedies to challenge his conviction in the Superior Courts, Georgia Court of Appeals, and/or Georgia Supreme Court, that he is permitted to file a petition for habeas corpus under 28 U.S.C. § 2254 in this Court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that exhaustion requires that "state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (holding a petitioner cannot raise a federal constitutional claim in federal court unless that claim was first properly presented in the state courts); *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (per curiam) ("Before bringing a habeas action in federal court, however, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on

2

direct appeal or in a state post-conviction motion."). It is clear Petitioner has not exhausted his state court remedies at this time because he is seeking to directly appeal his conviction and sentences that were just entered one month prior to the initiation of the present civil action. *See* ECF No. 1.

For the reasons set forth herein, it is **RECOMMENDED** that Petitioner's notice of appeal of his state court conviction that has been docketed as a §2254 petition be **DISMISSED WITHOUT PREJUDICE**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Court Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation of Dismissal. Any objection is limited in length to **TWENTY (20) PAGES**. See M.D. Ga. L.R. 7.4. Any party may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 26th day of August, 2025.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge